**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Binyamin Stein,
individually and behalf of all other similarly situated,

Plaintiff,

-v.-

Receivables Management Partners, LLC

Defendants.

Case No.: 26-cv-2763

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Binyamin Stein ("Plaintiff") brings this Complaint by and through his attorneys, against Receivables Management Partners, LLC ("RMP"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, residing in the County of Queens.

8. Defendant Receivables Management Partners, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Defendant Receivables Management Partners, LLC can be served with process c/o their registered agent in New York, Corporation Service Company located at 80 State Street, Albany, NY 12207.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

a. all individuals with addresses in New York;

b. with whom Defendant communicated in an attempt to collect a consumer debt;

c. sending multiple, nearly identical, initial collection letters to individuals bearing the same date, and balance, without proper explanation.

d. which communications were made on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect debts and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendant's communications with consumers, in the form attached as Exhibit A and as described herein, violate 15 U.S.C. §§ 1692e, 1692d, 1692f and 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications with consumers, in the form attached as Exhibit A and as described herein, violate 15 U.S.C. §§ 1692e, 1692d, 1692f, and 1692g.

c. **Typicality:** Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Plaintiff Class insofar as the Plaintiff has no interests that are averse to the absent

members of the Plaintiff Class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member and in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to August 21, 2025, an obligation was allegedly incurred by Plaintiff to Orlin and Cohen Rehabilitation Services ("Orlin & Cohen").

22. Plaintiff disputes that all or part of this debt is a valid debt.

23. The obligation arose out of a transaction in which money, property, insurance or services of the subject transactions were incurred for personal purposes.

24. The alleged Orlin & Cohen obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

25. Orlin & Cohen is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

26. Upon information and belief, Orlin & Cohen contracted with Defendant to collect the alleged debt.

27. Upon information and belief, Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

28. The Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

29. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

*Violation –Duplicate Initial Collection Letters Mailed to Plaintiff*

30. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 29 above herein with the same force and effect as if the same were set forth at length herein.

31. On or about August 21, 2025 Defendant sent the Plaintiff a collection letter (the "Letter" regarding the alleged debt owed to Orin & Cohen). **See Exhibit A**.

32. The Letters states, in relevant part:

**Our information shows:**

> You had a medical debt owed to ORLIN AND COHEN REHABILITATION SERVICES with account number ending in XXXX.
>
> As of 01/22/25 owed: $210.00
>
> Between 01/22/25 and today:
>
> You were charged this amount in interest: +$0.00
> You were charged this amount in fees: +$0.00
> You paid or were credited this amount toward the debt: -$0.00
>
> **Total amount of the debt now: $210.00**
>
> *See* Exhibit A.

*See* Exhibit A.

33. The Letter was formatted as a demand for payment and purported to be the initial written communication concerning the alleged debt.

34. However, Defendant did not send this Letter once, rather on or about August 21, 2025, Defendant sent the same collection letter seven (7) separate times, each bearing the same date, same balance, with a different account number on each.

35. Each letter contained identical information, but the Defendant made it appear as each one was for a separate account.

36. The repetitive receipt of seven identical collection letters caused Plaintiff to believe that multiple debts were being collected, when in fact there was only one alleged account.

37. The multiple letters created the false impression that Plaintiff owed a total of $1,470 when in fact the Plaintiff disputed even owing a single payment of $210.00.

38. The multiple letters, sent simultaneously and without explanation, misrepresented the character and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

39. By sending seven identical letters, Defendant also used a false and deceptive means to collect a debt, in violation of § 1692e(10).

40. The duplicative mailings served no legitimate purpose other than to pressure Plaintiff into payment and to create confusion or alarm.

41. The volume and duplicative nature of the letters constituted harassing and oppressive conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in violation of 15 U.S.C. § 1692d.

42. The repeated mailings imposed an unreasonable burden on Plaintiff, and caused unnecessary stress.

43. The repeated mailings were sent intentionally and as part of Defendant's regular collection practices, without regard to the effect on the consumer.

44. Plaintiff was confused and distressed upon receiving seven letters all demanding payment of the same amount on the same date, believing that there was either or a fraud issue requiring immediate attention.

45. Plaintiff spent considerable time reviewing each letter considering whether he needed to dispute each debt, fearing multiple accounts existed in his name.

46. Plaintiff suffered emotional distress, anxiety, and frustration due to Defendant's actions.

47. The multiple letters also created a risk of reputational harm and financial anxiety, as Plaintiff feared collection escalation or credit reporting.

48. Defendant's conduct was deceptive, misleading, unfair, and harassing, constituting violations of 15 U.S.C. §§ 1692d, 1692e, 1692g and 1692f.

49. As a result of Defendant's unlawful collection practices, Plaintiff has suffered actual damages, including emotional distress, mental anguish, confusion, and the expenditure of time and effort in addressing and understanding the duplicative collection notices.

50. Plaintiff therefore seeks all available relief under the FDCPA, including actual damages, statutory damages, costs, and reasonable attorney's fees.

51. As a result of Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692d *et seq.***

52. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 51 above herein with the same force and effect as if the same were set forth at length herein.

53. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

54. Pursuant to 15 U.S.C. § 1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

55. Defendants violated 15 U.S.C. § 1692c by:

a. Sending the same initial collection letter to Plaintiff seven (7) times, each bearing the same date and amount due, thereby subjecting Plaintiff to repeated and unnecessary collection pressure;

b. Causing Plaintiff to believe that multiple debts existed or that collection activity had intensified or escalated, when in fact it had not; and

c. Engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff by flooding him with repetitive, duplicative collection demands.

56. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.***

57. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 51 above herein with the same force and effect as if the same were set forth at length herein.

58. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

59. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60. Defendant violated said section by:

a. Sending seven initial collection letters, creating the false impression that Plaintiff owed multiple debts or that a debt had been placed into multiple collection accounts, in violation of § 1692e(2)(A);

b. Misrepresenting the character, amount, or legal status of the debt by sending multiple duplicative letters suggesting separate obligations; and

c. Using deceptive means to collect or attempt to collect a debt, in violation of § 1692e(10), by repeatedly issuing identical letters that would mislead the least

sophisticated consumer into believing immediate payment was required to stop ongoing collection activity.

61. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

62. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 51 above herein with the same force and effect as if the same were set forth at length herein.

63. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

64. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

65. Defendant violated this section by:

a. Mailing seven collection letters to Plaintiff, all dated the same day and demanding the same payment amount, which served no legitimate purpose and instead operated to confuse and coerce Plaintiff into making payment;

b. Employing unfair and unreasonable methods calculated to pressure Plaintiff through redundancy and intimidation; and

c. Failing to maintain reasonable procedures designed to prevent repetitive or duplicative collection communications.

66. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT IV**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.***

67. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 51 above herein with the same force and effect as if the same were set forth at length herein.

68. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

69. Pursuant to 15 U.S.C. § 1692g(a), within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector must send a written notice clearly conveying the consumer's right to dispute the validity of the debt within thirty (30) days of receipt.

70. Pursuant to 15 USC §1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
>
> 2. The name of the creditor to whom the debt is owed;
>
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

> 4. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> 5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

71. Defendant violated this section by:

a. Sending seven identical initial collection letters on the same date, each purporting to be an "initial communication," thereby obscuring which letter, if any, triggered Plaintiff's thirty-day dispute period;

b. Causing confusion and uncertainty as to when the thirty-day validation period began or would expire;

c. Creating the misleading impression that each of the seven letters required a separate response or payment obligation;

d. Overshadowing Plaintiff's right to dispute the alleged debt by making it appear that immediate payment was required to stop additional or duplicative collection activity; and

e. Failing to clearly and effectively convey Plaintiff's validation rights due to the redundant, conflicting nature of the communications.

72. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

73. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Binyamin Stein demands judgment from Defendant Receivables Management Partners, LLC as follows:

i. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned, as Class Counsel;

ii. Awarding the Plaintiff and the Class statutory damages;

iii. Awarding the Plaintiff and the Class actual damages;

iv. Awarding the Plaintiff the costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 8, 2026

Respectfully submitted,

/s/ *Alec Deborin*
**Stein Saks, PLLC**
By: Alec Deborin, Esq.
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
adeborin@steinsakslegal.com